## MEANS vs. STEPHENSON.

A justice's transcript must state the cause of action, the proceeding, and a judgment.

A judgment for the plaintiff, without stating for what amount of debt or damages and costs, is merely void.

JEFFERSON.
December 1818

Means
v.
Stephenson.

### CERTIORARI.

THE return to the certiorari contained the following transcript, viz.

| | | |
|---|---|---|
| " Joseph Stephenson | | 1818—April 8th Sums. debt $60 00 |
| vs. | | Thos. Hazlet Const. serv'd 9th Int. |
| James Means. | | Returnable Tuesday 14th int. 2 o'c. |
| Sum's. | 12½ | Sup. Nathan Winteringer for plff. |
| Constc. | 15 | April 14th judgment for plff. by default of deff't. |
| 1 Sup. | 10 | 15th Exn. Thos. Hazlet Const. |
| Judgmt. | 25 | 22 transct. to dft. |
| Exn. and Satn. | 35 | 29 the above proceedings stayed by writ of cer- |
| Transct. | 30 | tiori from the court of Common Pleas and |
| 2 Transct. | 30 | Execun. returned." |

WRIGHT, for the plaintiff in error, assigned for error in the above proceedings, 1st, That it does not appear for what sum the judgement was rendered, or whether for any sum, or what the costs were; and 2d, It does not appear that the cause of action was within the jurisdiction of the justice. GOODENOW, for the defendant in error.

PRESIDENT.—The transcript returned, is altogether insufficient to warrant the issuing an execution: 1st. It does not appear for what the action was brought: it should appear, so that a judgment rendered on such cause of action might be pleaded in bar to another suit for the same cause, or whether it was debt on simple contract on speciality or matter of record; 2d, there is no judgment rendered. It is not sufficient to say judgment for plaintiff, without adding for what, (whether debt, damages or costs) such judgment is rendered. There are parts of words and figures, the meaning of all which may be conjectured; but the record of a justice's court is not to be supplied by conjecture—for what the suit was brought, and what the proceedings were upon such suit, must distinctly and wholly appear on the transcript, and will appear, if the magistrate is at all attentive to his duty. The principal difficulty in this case, is to determine what judgment ought to be given: if there was an erroneous judgment, it might be reversed; but here is no judgment at all; the whole proceeding seems to be merely void for uncertainty. Considering the provisions of the statute, however, a judgment of reversal seems the only way in which justice can be done. *Judgment of Justice reversed.*